## Appeal of Nancy Neel et al.

---

### William Neel's Estate.

The mere forbearance of a guardian to preserve the lien of his ward's claim against the estate of a deceased debtor, although amounting to such negligence as would justify a surcharge against such guardian, will not operate to discharge the surety of such deceased debtor.

A was surety for B, as guardian; subsequently B died and C was substituted as guardian in his stead. C allowed money of his wards to remain in the hands of B's administrators until the debt ceased to be a lien on B's real estate and was lost. A subsequently died. In an action by the wards against A's estate as surety for B, *held*, that although C's negligence was sufficient to release the claim against B's estate for which he was liable to be surcharged, yet this release of B's estate did not deprive the wards of the right to recover against the estate of A, as surety. *Held further*, that the wards were competent witnesses to show that a formal assignment of their claim to C, in another county, was made simply for the purpose of convenience in collecting, and hence had no effect on this suit.

(Argued October 31, 1887. Decided November 11, 1887.)

October Term, 1887, No. 150, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Appeal from a decree of the Orphans' Court of Allegheny County directing a sale of the real estate of William Neel, deceased. Affirmed.

The facts of the case fully appear in the statement of the auditing judge, HAWKINS, P. J., which was as follows:

The proceeding in this matter was begun by William and Harvey Neel, with a view to enforce payment of a decree in their favor made by this court on the account of William Oliver,

---

NOTE.—For release of guardian's surety, see note to Neel v. Com. 4 Sad. Rep. 95, which was an action upon the bond of the surety of the guardian

late their guardian, deceased, out of the real estate of William Neel, deceased, who became surety on said guardian's bond; and the right of recovery is resisted by the widow and heirs of William Neel, deceased, mainly upon the ground of alleged default on the part of the succeeding guardian, Dr. John A. Stone, in proceeding against the real estate of William Oliver, deceased, by reason of which the lien was lost.

The material facts are these:

William Oliver was appointed guardian of William and Harvey Neel on March 30, 1859, gave bond in $20,000, with William Neel as surety, and died on June 23, 1875, in embarrassed circumstances. Dr. John A. Stone, who was appointed his successor, having ascertained the balance due by him agreed that his administrator should keep and use the amount until the youngest ward should attain his majority, a period of a little over five years. Within this period, accounts were filed by the administrator and audited, upon which dividends were awarded and paid Dr. Stone, guardian.

In December, 1880, more than five years after the date of Mr. Oliver's death, his administrator upon citation filed an account of the guardianship, in which the balance due was ascertained by decree of the court to be $2,913.79, as of December 30, 1880, less credit of $300. And thereupon an application was made for an order on the administrator to sell his decedent's real estate for satisfaction of this decree, the personal estate having been exhausted; and to this application the widow and heirs pleaded the statute of limitations. This court overruled the plea of the statute upon authority of Com. v. Moltz, 10 Pa. 527, 51 Am. Dec. 499, and Vincent v. Watson, 40 Pa. 306, and found:

"The delay in instituting proceedings here is satisfactorily explained by the evidence of the conduct of the administrator, who is also one of the heirs. It was at his instance and in consideration of special agreement made with him to pay interest on the amount owing that time was given. And it was clearly to the advantage of the deceased guardian's estate that time was given. The claim was large, and had it been pushed would, in all probability, have caused serious embarrassment in the settlement of the estate. There is no doubt about the validity of the claim. It was not disputed in the distribution of the personal estate of the decedent, and received a distributive share

from it." The action of this court was upon appeal reversed by the supreme court. See Oliver's Appeal, 101 Pa. 299.

William and Harvey Neel thereupon brought an action at law on the guardian's bond against the administrator, etc., of William Neel (surety), deceased; and the alleged default of the succeeding guardian, Dr. Stone, was made a matter of defense (see defendant's points and assignments of error) ; but both the court below and above held that the decree of this court fixing the liability of the guardian was conclusive on the surety. In the opinion of the supreme court it is said that there was no time when the surety could not have compelled a collection of the claim; hence, if he was impeded by the delay, it arose from his own neglect.

After the suit on the guardian's bond was brought, Dr. Stone's account seems to have been filed in Greene county; and William and Harvey Neel sought to surcharge him with the amount of the decree against their former guardian, on the ground of negligence; and their exceptions are still pending. The attention of the supreme court was called to this by the plaintiff in error in the above-recited action against the surety's administrator.

The respondents here also set up as a defense that William and Harvey Neel had no present interest in the suit against the estate of the guardian because of the assignment thereof to Dr. Stone. The evidence shows that William and Harvey Neel did on March 2, 1883, formally assign this claim to Dr. Stone; but it was made without consideration, solely for the purpose of convenience in collection. The fact of this assignment does not appear to have been known to respondents until after the trial of the action at law on the guardian's bond.

William Neel, the surety, died March 18, 1880; and the action on the guardian's bond was brought within five years thereafter.

The opinion of the court was as follows:

It may be conceded that the widow and heirs of William Neel, deceased, have a right to raise the same questions here which they could have raised had they been parties to the action at law against the administrator; but the questions raised here, with the exception of that relating to the formal assignment made by William and Harvey Neel to Dr. Stone, which has no merit, are substantially those raised and decided there, and must

have the same answer. The liability of William Neel as surety was for the default of William Oliver as guardian; and while a failure on the part of Dr. Stone to avail himself of the means of satisfaction of his claim would certainly relieve the mortgage, yet mere forbearance to preserve the lien of the claim, which the supreme court held his conduct to amount to, will not relieve. Kindt's Appeal, 102 Pa. 441.

As between Dr. Stone and his wards, this forbearance may amount to negligence which will justify a surcharge, because Dr. Stone was acting in a representative capacity, and his wards were incapable of taking care of their own interests except through him; but the surety must answer for his principal's default; and his own security made it his duty to quicken the action of the creditor.

For these reasons the prayer of the petition must be granted.

On April 2 a decree was entered in accordance with this opinion, and April 20, 1887, the respondents filed the following exceptions:

The court erred:

1. In not stating and finding as a fact that the decree of the court on which suit was brought by William and Harvey Neel against Nancy Neel, administratrix, was entered long after the arrangement or agreement between Dr. Stone and Oliver was made by which the time for payment of money of Neel's in Oliver's hands was fixed;

2. In not finding and reporting as a fact that the auditor appointed by the orphans' court of Greene county had at the instance of William and Harvey Neel surcharged Dr. Stone as their guardian with the identical claim now sought to be recovered from William Neel's estate;

3. In permitting William and Harvey Neel, by their own testimony, to strike down the assignment made by them to Dr. Stone;

4. In holding as matter of fact and law that the testimony was sufficient to strike down said assignment, there being no allegation or claim that there was any fraud, accident or mistake in the execution and delivery of said assignment;

5. In holding the estate of William Neel liable on the bond of William Oliver, guardian, etc., there being no proof that

William Oliver was in any way derelict in the performance of his duties as guardian;

6. In not making a decree suspending further proceedings until the estate of Dr. John A. Stone, guardian, has been compelled to pay the amount with which it was surcharged by the auditor appointed by the orphans' court of Greene county;

7. In making the decree, filed April 2, 1887.

These exceptions were subsequently dismissed; whereupon, this appeal was taken, assigning for error the action of the court in overruling these exceptions.

*J. McF. Carpenter,* for appellants.—That the widow and heirs of a surety, whose principal's estate was by the ruling of this court absolutely released from liability for the identical debt now sought to be recovered should be compelled to pay that debt seems harsh and inequitable. Yet if the decree appealed from is affirmed, this is the result.

Counsel for the administratrix of the surety contended that the acts of Dr. Stone were the acts of his wards, and released the surety; citing: Clippinger v. Creps, 2 Watts, 45; Boschert v. Brown, 72 Pa. 374; Neff's Appeal, 9 Watts & S. 36; Miller v. Stem, 12 Pa. 383; Sawyers v. Hicks, 6 Watts, 76; Henderson v. Ardery, 36 Pa. 449; Templeton v. Shakley, 107 Pa. 380; and Hutchinson v. Woodwell, 107 Pa. 509; and to these would now add Bogart v. Nevins, 6 Serg. & R. 379.

It is respectfully but most earnestly claimed that the language of the court in these cases, especially in Templeton v. Shakley, 107 Pa. 380; Sawyers v. Hicks, 6 Watts, 76, and Bogart v. Nevins, 6 Serg. & R. 379, is in irreconcilable conflict with the ruling in Neel v. Com. 4 Sad. Rep. 95.

That Dr. Stone did that for his wards which deprived the surety of his rightful security against the principal cannot be questioned; and if language means anything, he made a definite contract with his debtor, fixing time of payment. No more is done in any contract for the payment of money.

By act of assembly, this court is vested with the power to hear and determine all manner of pleas, plaints, and causes which shall be brought or removed there from the courts of this commonwealth, to examine and correct all manner of error of the justices, magistrates, and courts of this commonwealth, in the process, proceedings, judgments, and decrees, and thereupon to

revise, modify, or affirm such judgments and decrees or proceedings as the law directs; and generally to minister justice to all persons, in all matters whatsoever.

This power has always been liberally construed in order that justice might be attained. Appellants now invoke the ample exercise of that power, and ask of the court simple justice, which they feel has not been meted out to them in this contest.

*Weir & Garrison,* for appellees.—This being a controversy between William and Harvey Neel, on the one side, and the estate of William Neel, deceased, on the other, it is clear that William and Harvey were competent to testify to anything that has occurred since the death of William Neel. Their testimony was confined entirely to what occurred at the time the assignment of March 2, 1883, was executed, and it being admitted that William Neel died prior to that date, it is clear that they were competent to testify.

We regard it as almost too clear for doubt that the negligence of Dr. Stone, however gross it might have been, would not have the effect to relieve William Neel from his liability as surety. Rhoads v. Frederick, 8 Watts, 448; United States v. Simpson, 3 Penr. & W. 437, 24 Am. Dec. 331; Johnston v. Thompson, 4 Watts, 446; Mundorff v. Singer, 5 Watts, 172; Winton v. Little, 94 Pa. 64; Pittsburg, Ft. W. & C. R. Co. v. Shaeffer, 59 Pa. 350; United States v. Kirkpatrick, 9 Wheat. 720, 6 L. ed. 199.

The appellees have two remedies: the one against the estate of Dr. Stone for his negligence, and the other against the estate of William Neel, the surety, on his liability on the bond; and they may pursue either of these remedies at their election, or both of them simultaneously, until they obtain satisfaction. The remedies are cumulative. That a party having several remedies against the same person, or several remedies against different persons, may pursue any one of them, or all of them at the same time, is well settled. Bantleon v. Smith, 2 Binn. 146, 4 Am. Dec. 430; Gordon v. Correy, 5 Binn. 552; Shetsline v. Keemle, 1 Ashm. (Pa.) 29; Patterson v. Swan, 9 Serg. & R. 16.

Per Curiam:

The opinion of the court below seems to have so thoroughly

and correctly disposed of this case as to leave to us nothing to do but concur in it.

The appeal is dismissed and the decree affirmed, at the costs of the appellants.